```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**TONY A. COOLEY,**

                      **Plaintiff,**

      v.                                            CASE NO. 09-3098-SAC

**KENNETH M. MCGOVERN, et al.,**

                      **Defendants.**


**O R D E R**

This matter is before the court on a complaint seeking relief under 42 U.S.C. § 1983, filed pro se by a prisoner confined in the Douglas County Correctional Facility (DCCF) in Lawrence, Kansas. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 19185.

*Motion for Leave to Proceed in Forma Pauperis*

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the full $350.00 filing fee in this civil action. If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by the periodic payments from plaintiff's inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2). Because any funds advanced to the court by plaintiff or on his behalf must first be applied to plaintiff's outstanding fee obligations,[1] the court grants plaintiff

---

[1] *See* Cooley v. McGovern, Case No. 08-3004-SAC ($350.00 district court filing fee).

leave to proceed in forma pauperis in the instant matter without payment of an initial partial filing fee. Once these prior fee obligations have been satisfied, however, payment of the full district court filing fee in this matter is to proceed under 28 U.S.C. § 1915(b)(2). \

*Screening of the Complaint, 28 U.S.C. § 1915A*

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Although a complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction, Haines v. Kerner, 404 U.S. 519, 520 (1972), even under this standard a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff bears the burden of alleging "enough facts to state a claim to relief that is *plausible* on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). *See* Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(stating and applying Twombly standard for dismissing a complaint as stating no claim for relief).

In the present case, plaintiff states he was placed in a disciplinary cell for flooding his toilet, and issued a disciplinary citation for tampering with plumbing. Plaintiff states his mattress was removed without a disciplinary citation for misuse of property, and disputes that he used his mattress to enhance the flood in his

2

cell. While in disciplinary segregation, he claims there was another prisoner without a mattress who had been issued a disciplinary citation for misuse of property, and yet another prisoner with a mattress who had been issued a disciplinary citation for tampering with plumbing. Plaintiff seeks damages from the following defendants named in the complaint: the Douglas County facility itself; Douglas County Sheriff Kenneth McGovern and Douglas County Undersheriff Kenneth Massey as responsible for policies at the facility; and DCCF Operations Lieutenant Wesley Houk.

Plaintiff first claims he was denied due process by not being issued a citation for misuse of property which would have allowed him to address that offense before his mattress was taken. Plaintiff next claims defendants subjected him to cruel and unusual punishment by depriving him of a mattress for six days during which he ran out of his medication. Third, plaintiff claims he was treated differently from the other two prisoners in disciplinary segregation in that he was not issued a disciplinary citation for misuse of property, and was not allowed to keep his mattress while segregated on a disciplinary citation for tampering with plumbing. Plaintiff further contends the policies and procedures at the jail are inadequate to prevent these alleged constitutional violations.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). The court finds plaintiff's allegations, even when liberally construed and assumed true, clearly

3

fail to state a claim for relief against any defendant.

The Douglas County facility is not a "person" for purposes of § 1983 or a legal entity capable of being sued. *See e.g.,* Guidry v. Jefferson County Detention Center, 868 F.Supp. 189, 191 (E.D.Tex. 1994)("There is no doubt that the 'Jefferson County Detention Center' is not a legal entity capable of being sued ."); Marsden v. Federal Bureau of Prisons, 856 F.Supp. 832, 836 (S.D.N.Y. 1994)("As for the Orange County Jail, a jail is not an entity that is amenable to suit.").

Other than plaintiff's broad complaints about jail policies, plaintiff alleges no personal participation by the Douglas County Sheriff or Undersheriff, an essential allegation in stating a claim for relief under 42 U.S.C. § 1983. *See* Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997)("Individual liability under 42 U.S.C. § 1983 must be based on personal involvement in the alleged constitutional violation."); Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996)("[P]ersonal participation is an essential allegation in a section 1983 claim."). Nor may plaintiff rely on the doctrine of respondeat superior to hold a defendant liable by virtue of the defendant's supervisory position. Rizzo v. Goode, 423 U.S. 362 (1976).

And finally, plaintiff's allegations involving Lt. Houk fail to state any cognizable claim of constitutional deprivation. The denial of a mattress for six days under the conditions cited by plaintiff was not a substantial and atypical deprivation sufficient to implicate the protections of the Due Process Clause. *See* Sandin v. Conner, 515 U.S. 472 (1995). Plaintiff was not denied "the

4

minimal civilized measure of life's necessities" for the purpose of stating a viable claim of cruel and unusual punishment. Farmer v. Brennan, 511 U.S. 825 (1994). And even if plaintiff could establish that he was similarly situated to other prisoners in disciplinary segregation, the allegations in the complaint clearly point to a rational basis for treating plaintiff differently where he was confined for both flooding his cell and using his mattress to do so. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

*Notice and Show Cause Order to Plaintiff*

For these reasons, the court directs plaintiff to show cause why the complaint should not be summarily dismissed as stating no claim upon which relief can be granted under 42 U.S.C. § 1983. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted"). The failure to file a timely response may result in the complaint being dismissed without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, with payment of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be summarily dismissed as stating no claim for relief.

The clerk's office is to provide a copy of this order to plaintiff, and to the Finance Officer where plaintiff is currently

confined.

**IT IS SO ORDERED.**

DATED:  This 2nd day of June 2009 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

6