```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

TONY A. COOLEY,

                        Plaintiff,

     v.                                     CASE NO. 09-3098-SAC

KENNETH M. MCGOVERN, et al.,

                        Defendants.


**O R D E R**

    Plaintiff proceeds pro se and in forma pauperis on a complaint seeking relief under 42 U.S.C. § 1983 for alleged constitutional violations in the conditions of his confinement in the Douglas County Correctional Facility (DCCF) in Lawrence, Kansas.

    Plaintiff seeks damages from DCCF, the Douglas County Sheriff, a Douglas County Undersheriff Massey, and DCCF Lt. Houk. Plaintiff's cites his placement in segregation pursuant to a disciplinary report charging him with tampering with plumbing to flood his cell and using his mattress to enhance the flooding. Plaintiff alleges the denial of a mattress for six days while in segregation violated his right to due process and equal protection, and subjected him to cruel and unusual punishment because his pain management medications expired after he was placed in segregation.

    After reviewing plaintiff's allegations, the court directed plaintiff to show cause why the complaint should not be summarily dismissed as stating no claim for relief because plaintiff's

allegations were insufficient to establish any property or liberty interest protected by the Due Process Clause, any violation of the Equal Protection Clause, or any denial of "the minimal civilized measure of life's necessities" for the purpose of stating a viable claim of cruel and unusual punishment.  The court also found two of the defendants were subject to being summarily dismissed from the complaint because DCCF was not an entity subject to suit, and plaintiff identified no personal participation by the Douglas County Sheriff in any of the alleged misconduct.

In response, plaintiff does not address identified deficiencies in his due process and equal protection claims, or in proceeding against DCCF and Douglas County Sheriff as defendants.  Accordingly, for the reasons stated in the show cause order on June 2, 2009, these two claims and these two defendants are dismissed.

As for plaintiff's remaining claim of cruel and unusual punishment against the two remaining DCCF defendants, plaintiff expands his allegations and focuses on the denial of a mattress for six days in disciplinary segregation notwithstanding his documented need for pain medication which ran out for up to four of those days. Plaintiff claims the denial of a mattress under these circumstances was clearly shocking and a calculated indifference to plaintiff's pain.

Plaintiff's own pleadings, however, demonstrate that his pain medication was restarted promptly after he filed a health request

form,[1] and plaintiff does not allege the either of the remaining defendants did anything to cause or expand the temporary disruption in plaintiff's medication.  Plaintiff's allegations thus reduce to defendants' failure to give him back his mattress to address plaintiff's complaints of pain after his pain medication had expired.  Under the circumstances alleged by plaintiff and assumed as true, this is insufficient to "shock the conscience" for purposes of stating a viable substantive due process claim, County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998), or to demonstrate "deliberate indifference" to plaintiff's medical needs for the purpose of stating a viable claim of being subjected to cruel and unusual punishment, Estelle v. Gamble, 429 U.S. 97, 105 (1976).  The court thus continues to find this remaining claim against the two remaining defendants should be dismissed.

Accordingly, for the reasons stated herein and in the show cause order entered on June 2, 2009,  the court concludes the complaint should be dismissed because plaintiff's allegations are insufficient to state a plausible constitutional claim upon which relief can be granted under 42 U.S.C. § 1983.

IT THEREFORE ORDERED that the complaint is dismissed as stating no claim for relief.

---

[1] Plaintiff's complaint documents his May 3, 2009, health services request form asking about his pain medication, and a May 4 response which stated the medication order had expired and health staff would ask to have it restarted.  Plaintiff also documents his May 4 health request form  asking to have his medication refilled, and a May 4 response dated stating the order had been renewed that same date.

**IT IS SO ORDERED.**

DATED:   This 26th day of June 2009 at Topeka, Kansas.


                                    s/ Sam A. Crow
                                   SAM A. CROW
                                   U.S. Senior District Judge